[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16106
Non-Argument Calendar

_____

D. C. Docket No. 0:05-cr-60174-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEVIS COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 19, 2012)

Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Tevis Cooper, who pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, which was based on Amendment 750. Cooper contends that, pursuant to Freeman v. United States, __ U.S. __, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), the district court erred by concluding that he was ineligible for a section 3582(c)(2) reduction because of his career offender status. No reversible error has been shown; we affirm.

We review only for abuse of discretion a district court's decision to deny reduction of a defendant's sentence pursuant to section 3582(c)(2), United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005), but we review de novo its conclusions about the scope of its legal authority under section 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

In a section 3582(c)(2) proceeding, a district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). The applicable policy statements provide that a sentence reduction is not authorized under section 3582(c)(2) if "'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the

2

operation of another guideline or statutory provision.'" United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))).

Amendment 750, which has been made retroactive, adjusted the base offense levels listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to limit the sentencing disparity between powder cocaine and crack cocaine offenses. See U.S.S.G. App. C., amend. 750; U.S.S.G. § 1B1.10(c). Nevertheless, if a defendant was sentenced as a career offender, his base offense level was determined under the career-offender guideline in U.S.S.G. § 4B1.1(b): the drug-quantity guideline in § 2D1.1(c) ultimately played no role in his sentence. Moore, 541 F.3d at 1327.

Although Amendment 750 might have reduced Cooper's base offense level under section 2D1.1, it would not have lowered his total offense level or his applicable guidelines range because the district court had sentenced Cooper as a career offender under section 4B1.1. Under this enhancement, Cooper was subject to a base offense level of 34, without regard to the quantity of crack cocaine involved in his offense conduct.

Contrary to Cooper's assertion, the Supreme Court's decision in Freeman offers him no relief. In Freeman, five justices of the Supreme Court ruled that entering into a Fed.R.Crim.P. 11(c)(1)(C) plea agreement did not categorically bar

3

a defendant from obtaining relief pursuant to section 3582(c).  Freeman, __ U.S. at __, 131 S.Ct. at 2695 (Sotomayor, J., concurring); see Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977) (noting that, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.").  Instead, the Court explained, where such an agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)."  Id. at __, 131 S.Ct. at 2698.

This Freeman circumstance is not the situation here.  Cooper's 188-month sentence was not based on a sentence jointly agreed-upon by the parties in a plea agreement nor did it expressly rely on a guideline range that was later reduced.  Instead, Cooper's sentence was based entirely on the career offender enhancement provisions, which do not incorporate section 2D1.1's drug quantity table, and thus, was unaffected by Amendment 750.

Cooper is like the movant in Moore.  Amendment 750 reduced his base offense level but did not lower his applicable guideline range, which was dictated by his career offender status.  Accordingly, Cooper is not eligible for a section

3582(c)(2) sentence reduction, and the district court did not abuse its discretion by denying him one.[*]

AFFIRMED.

---

[*] Cooper offers no support for his dubious argument that the district court might have quietly rejected the career-offender enhancement at sentencing and instead imposed an above-Guidelines sentence that was, in fact, based on the drug quantity table. His argument therefore is waived. See United States v. Flores, 572 F.3d 1254, 1265 n.3 (11th Cir. 2009) (where a plaintiff identifies an argument on appeal but fails to provide supporting authority or facts, we deem the argument not briefed, and thus waived).